IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THE CHURCH TRIUMPHANT                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO.: 3:10cv592-DPJ-FKB

MORRISON STREET LLC, BARBARA NOBLES
and JOHN DOES 1-7                                                                  DEFENDANTS

ORDER

This case is before the Court on Plaintiff's Motion to Remand [4] and Defendants' Motion to Dismiss Barbara Nobles [6]. Because in-state defendant Barbara Nobles was improperly joined, the Court finds that Plaintiff's Motion should be denied and Defendants' Motion should be granted.

I.    Facts and Procedural History

According to its Complaint, Plaintiff The Church Triumphant leases property from Defendant Morrison Street LLC ("Morrison Street"). Co-Defendant Barbara Nobles is the property manager for Morrison Street. On October 15, 2010, Morrison Street attempted to evict The Church Triumphant for non-payment of rent. Morrison Street, through Barbara Nobles and unidentified persons, locked the premises in a procedure referred to as a "lockout."

The Church Triumphant brought suit in the Chancery Court of Madison County, Mississippi. Plaintiff seeks a declaration that the "lockout" was unlawful, an order enjoining Defendants from future efforts to remove tenant, dissolution of the lease, and consequential damages from breach of contract. Defendants timely removed the case to this Court based on diversity jurisdiction.[1] Defendants contend that the resident defendant, Barbara Nobles, was

---

[1] There is no dispute that Plaintiff's claim exceeds $75,000, thus only diversity of citizenship is at issue.

improperly joined for the purpose of defeating the rule of complete diversity.[2]  Plaintiff, maintaining that it stated a viable claim against the resident defendant, moved to remand. Thereafter, Defendants moved to dismiss Barbara Nobles.

II.     Standard of Review

"The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).  In evaluating a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against the in-state . . . defendant." *Jones v. Gen. Motors Corp.*, No. 3:06-CV-608, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)).  However, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (en banc) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A district court should ordinarily resolve an improper joinder claim by conducting Rule 12(b)(6)-type analysis. *Id.*  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v . Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  Similarly, the Court must resolve all ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326

---

[2] Plaintiff's Complaint also names fictitious Defendants John Does 1-7, but does not provide any additional information to ascertain residence and/or principal place of business for diversity purposes.  For purposes of removal based on diversity jurisdiction, "citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

F.3d 644, 648 (5th Cir. 2003) (citations omitted).  But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000)).  Finally, "[t]here are cases, hopefully few in number, in which the plaintiff has stated a claim, but misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.  In such cases, the district court has the discretion to "pierce the pleadings" and conduct a summary inquiry.  *Id.*

III.   Analysis

Defendant's notice of removal contends that Defendant Nobles was improperly joined to defeat diversity jurisdiction.  Defendants maintain that Nobles acted as an agent of a disclosed principal and cannot be held individually liable for an alleged breach of her disclosed principal's contract.

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings.  *Smallwood*, 385 F.3d at 573.  Here, Plaintiff's Complaint asserts a breach-of-contract action.  But "Mississippi law is clear: an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach." *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 776 (S.D. Miss. 2006) (citing *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740-41 (S.D. Miss. 2005)).  There is no allegation in the Complaint that Nobles is a party to the lease agreement between Morrison Street and The Church Triumphant.  In addition, Plaintiff essentially

concedes that Nobles was acting as agent for Morrison Street during the "lockout." *See* Not. of Removal [1] Ex. 2, State Ct. Compl. at 2 ("Morrison Street LLC *through Barbara Nobles* . . . attempted to evict for non-payment of rent calling the procedure a "lockout". . .) (emphasis added). As a nonparty to the contract of her disclosed principal, Nobles cannot be held liable for an alleged breach of contract.

Given the agency relationship, the question becomes whether Plaintiff's Complaint alleges any non-contract basis for individual liability. The Complaint sheds little light on the issue first because it fails to identify the cause[s] of action. Defendants characterize the Complaint as exclusively asserting breach of contract, and The Church Triumphant fails to dispute that characterization in its Reply. If so, there can be no liability for Nobles for the reasons stated.

But the Complaint does reference two Mississippi code sections in the context of the dispute over the lease. *See* Compl. ¶ VI. The first, section 89-7-7, merely recognizes the right to bring actions for breach. The second, section 89-7-29, deals with affidavits required when pursuing evictions under section 89-7-27.

Whether section 89-7-29 creates a private cause of action independent of the contract claim is not clear. But even if it does, the alleged breach under section 89-7-29 would be the failure to obtain an affidavit, and there is nothing in the Complaint to indicate that Nobles was personally involved in that decision, much less that she was the "'guiding spirit' behind the wrongful conduct or the 'central figure' in the challenged corporate activity." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000) (citations omitted). Contrary to Plaintiff's unsupported argument that adjudication pursuant to declaratory judgment must occur in state court before

removal is considered, improper joinder is decided under a Rule 12(b)(6)-type standard based on the complaint. *Smallwood*, 385 F.3d at 573. Under that standard, Plaintiff must plead sufficient facts to demonstrate a plausible claim. *Twombly*, 550 U.S. at 570. Thus, even assuming the Complaint asserts claims that are not contract based and that section 89-7-29 creates a private cause of action in tort, there are no factual allegations related to Nobles that would withstand a Rule 12(b)(6)-type analysis.

Moreover, Plaintiff's request for injunctive relief is derivative of the alleged breach of contract. Any injunctive relief awarded to Plaintiff against Morrison Street would bind Nobles in her agency capacity regardless of whether Nobles remains a party to this action. Accordingly, joinder of Nobles is not necessary to the availability of Plaintiff's injunctive remedies. Having fully considered Plaintiff's Complaint, the Court finds no "reasonable basis for predicting that the plaintiff might be able to establish the non-diverse defendant's liability on the pleaded claims in state court." *Travis*, 326 F.3d at 646-47.[3]

---

[3] As stated, the pleadings have not been pierced. But the present case presents the type of rare circumstance where such piercing would be within the Court's discretion, because Defendants' have produced record evidence that identifies "the presence of discrete and undisputed facts that would preclude plaintiff's recovery." *Smallwood*, 385 F. 3d at 573. Defendants submitted an affidavit from Nobles, in which she states that she is the on-site property manager for Morrison Street, but she "[does] not make any significant decisions with respect to tenants." Defs.' Mot. to Dismiss Barbara Nobles [6] Ex. 2, Aff. of Barbara Nobles ¶¶ 2, 4. In addition, Nobles states that she "[does] not decide when to evict, when to change locks, or anything similar. [She] simply follow[s] instructions from Morrison Street." Aff. of Barbara Nobles ¶ 4. Finally, Nobles states that "[p]ersonnel in California made the decision to change locks on the premises when the rent became seriously delinquent. [She] did not make that decision." Aff. of Barbara Nobles ¶ 4. Thus, under a Rule 56-type analysis, the unrebutted record evidence would foreclose any possibility of individual liability as to Nobles.

IV.     Conclusion

Based on the above, the Court concludes Nobles was improperly joined.  It is hereby ordered that Plaintiff's Motion to Remand [4] is denied, and Defendants' Motion to Dismiss Barbara Nobles [6] is granted.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE